1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES STRAIN,

11              Plaintiff,                No. CIV S-05-0474 GEB GGH P

12        vs.

13   CHIEF MEDICAL OFFICER
     R. SANDHAM, et al.,
14
                Defendants.              ORDER
15   _____/

16   Introduction

17              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

18   § 1983.  Pending before the court is defendant Mahakian's motion to dismiss, filed on April 14,

19   2006, to which plaintiff filed an opposition, on April 26, 2006; defendant filed a reply on May 4,

20   2006.  Subsequently, plaintiff filed a motion to amend his complaint, on June 2, 2006, along with

21   a proposed amended complaint.

22   Motion to Dismiss

23              Defendant Dr. Mahakian, moves for dismissal 1) pursuant to Fed. R. Civ. P.

24   12(b)(6), for plaintiff's failure to state a claim as to himself, and 2) pursuant to Fed. R. Civ. P.

25   12(e) for a more definite statement.  Motion to Dismiss, pp. 1-2.

26   \\\\\

1      *Legal Standard for Motion to Dismiss*

2      A complaint should not be dismissed under Rule 12(b)(6) unless it appears

3 beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which

4 would entitle him to relief.  <u>NOW, Inc. v. Schiedler</u>, 510 U.S. 249, 256, 114 S. Ct. 798, 803

5 (1994); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing <u>Conley</u>

6 <u>v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957),  <u>Cervantes v. City of San Diego</u>, 5 F.3d

7 1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based

8 on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

9 cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990);

10 <u>see</u> <u>also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

11      In considering a motion to dismiss, the court must accept as true the allegations of

12 the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.

13 Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

14 motion and resolve all doubts in the pleader's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421,

15 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969).  The court will "'presume that general

16 allegations embrace those specific facts that are necessary to support the claim.'"  <u>NOW</u>, 510

17 U.S. at 256; 114 S. Ct. at 803, quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S.555, 561, 112 S.

18 Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent standard than

19 those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).  A

20 motion to dismiss for failure to state a claim should not be granted unless it appears beyond

21 doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to

22 relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing

23 <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt</u>

24 <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

25      The court may consider facts established by exhibits attached to the complaint.

26 <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may disregard

1   allegations in the complaint if they are contradicted by facts established by exhibits attached to

2   the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

3   Furthermore, the court is not required to accept as true allegations that contradict facts which

4   may be judicially noticed.  Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir.

5   1987), cert. denied, 486 U.S. 1040 (1988).  The court need not accept as true conclusory

6   allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining

7   Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).  The court

8   need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

9   Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

10          A pro se litigant is entitled to notice of the deficiencies in the complaint and an

11  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

12  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

13          *Standard under Rule 12(e)*

14          Motions for more definite statement are governed by Rule 12(e).  "Rule 12(e) is

15  designed to strike at unintelligibility, rather than want of detail."  Woods v. Reno Commodities,

16  Inc., 600 F.Supp. 574, 580 (D.Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491

17  F.Supp. 1364, 1385 (N.D. Cal. 1980).  Rule 12(e) permits a party to move for a more definite

18  statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a

19  responsive pleading."  The function of such a motion is thus not to require the pleader to disclose

20  details of the case, Boxall v. Sequoia Union High School Dist., 464 F.Supp. 1104, 1114 (N.D.

21  Cal. 1979), nor to provide the evidentiary material that may properly be obtained by discovery.

22  Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981).  A motion for

23  more definite statement should be denied if a pleading meets federal standards by providing a

24  "short and plain statement" of the claim showing that the pleader is entitled to relief.  See Fed. R.

25  Civ. P. 8(a)(2).

26  \\\\\

3

1        *Complaint Background & Allegations*

2              This action proceeds on plaintiff's original complaint, filed on March 9, 2005, as

3    modified by the Order, filed on December 21, 2005, dismissing defendants Barton and Garbutt.[1]

4    Remaining defendants are: Drs. R. Sandham; S.Roche; Mahakian; Rohfling;[2] G. James; Phil

5    Mangis; and Registered Nurse (RN) Masterson.  Only defendant Mangis has yet to be served, all

6    other defendants, except defendant Mahakian, have answered the complaint.[3]

7              The gravamen of the complaint is that defendants, having prescribed pain

8    medication for plaintiff for approximately three years, which medication causes dependency,

9    upon plaintiff's transfer to High Desert State Prison, on February 26, 2004, compelled plaintiff to

10   suffer withdrawal pains, creating a serious medical condition, when they abruptly cut off his

11   prescriptions.  Complaint, pp. 3-4.  Plaintiff avers that he was re-prescribed certain pain

12   medications on February 18, 2004, while at California State Prison-Solano, which had to be

13   renewed monthly.  Defendant Sandham, upon plaintiff's transfer to High Desert, cut off his

14   medication before his then-current prescription approached its monthly expiration date, despite

15   plaintiff's cautioning that he would be caused severe withdrawal pain if forced to go "cold

16   turkey," and might become suicidal.  Comp., p. 4.

17             Two days after his transfer, on February 28, 2004, plaintiff notified Barton, a

18   medical technical assistant (MTA) who has been dismissed as a defendant, that he was beginning

19   to show or exhibit signs of withdrawal, such as an inability to eat, diarrhea, vomiting, difficulty

20   sleeping, tremors, and pain.  Comp., p. 5.  Plaintiff then alleges that Barton notified former

21

22        [1] Plaintiff was given leave to amend his complaint as to his claims with regard to these
23   two defendants but elected not to do so.  See, Orders, filed on July 15, 2005, and on October 12,
     2005, and Findings and Recommendations, also filed on October 12, 2005.

24        [2] These are the proper spellings of defendants Mahakian and Rohfling names' as set forth
25   by their respective attorneys.

26        [3] A concurrently filed order directs service upon defendant Mangis, in light of plaintiff's
     having submitted updated documents for service.

1   defendant Garbutt, a Registered Nurse (RN), about his condition.  Id.  According to MTA

2   Barton's report, defendants Dr. Sandham, Dr. James, and Dr. Mahakian knew of plaintiff's

3   condition and "all agreed [he] would have to go through the withdrawals as unpleasant as it is."

4   Id.  As defendant Mahakian notes, this is the only express allegation involving defendant

5   Mahakian in the original complaint.  Motion to Dismiss (MTD), p. 3.

6          On March 2, 2004, plaintiff was seen by defendant Dr. Rohfling for an anxiety

7   attack and was prescribed Motrin.  Comp., p. 5.  Plaintiff complains that defendant Rohfling did

8   nothing about his withdrawal symptoms or gastrointestinal problems.  Id.  Plaintiff also alleges

9   that his psychiatric as well as pain medications were abruptly withheld and he was forced to stop

10  them "cold turkey."  Id.

11         On March 5, 2004, plaintiff informed defendant Masterson, an RN, that he had

12  not eaten in a week and was in very bad pain.  Comp., p. 6.  On March 11, 2004, plaintiff was

13  seen by defendant Dr. James, and requested anti-nausea medication and his prescribed Prilosec,

14  due to uncontrollable vomiting and severe pain but was refused.  Id.  Defendant James only

15  changed plaintiff's prescription from Motrin to Tylenol and scheduled a follow-up appointment

16  in 30 days.  Id.

17         On March 13, 2004, plaintiff began vomiting blood, but an RN told him that he

18  would just have to suffer through it.  Id.  After retching blood violently all day, floor officers

19  demanded that plaintiff receive medical attention and he was transported by, in part, defendant

20  Roche's orders by ambulance to Washoe Medical Center.  Comp., p. 7.  After being stabilized at

21  Washoe Medical Center by March 15, 2004, by being given morphine and other medications, he

22  was also provided a 30-day prescription of Prilosec and Maalox but never received any Maalox

23  from defendant Roche.  Id.  On March 17, 2004, he notified defendant Masterson that he was not

24  receiving his Maalox and had begun vomiting again.  Id.

25         On March 19, 2004, plaintiff was seen by defendant James and informed the

26  doctor that he was having problems with bowel movements, had rapid weight loss and little to no

1    sleep; that he was not receiving the medications prescribed at Washoe Medical Center; that he

2    was in great pain and still vomiting blood.  Comp., pp. 7-8.  On March 16, 2004, defendant

3    James issued a medical chrono limiting plaintiff to light job duty, but on March 25, 2004, he

4    evidently rescinded that medical chrono and issued another, wherein plaintiff was to be given full

5    job duties and no restriction on housing despite the fact that plaintiff was considered permanently

6    disabled.  Comp., p. 8.  Plaintiff was seen by defendant James on March 26, 2004, and April 9,

7    2004, telling him that he was suffering severe back pain, pain in his right leg and sciatica and

8    sleeping little; by the latter appointment he still felt very weak although his withdrawals were

9    basically over.  Id.

10            On May 7, 2004, plaintiff saw defendant Dr. Mangis, informed him of his severe

11   pain, but was told by defendant Mangis that he could not treat him for his pain.  Comp., p. 30.

12            *Discussion*

13            Defendant Mahakian contends that plaintiff has not alleged that he was a state

14   actor as required under § 1983, and that the allegations are otherwise insufficient.  MTD, pp. 3-6.

15   The court agrees with defendant Mahakian that plaintiff's allegations with respect to this

16   defendant are inadequate.  In his opposition, plaintiff attempts to strengthen his allegations by

17   alleging that Mahakian was a physician at High Desert State Prison during the relevant period,

18   and that the report by MTA Barton shows his involvement in the decision that plaintiff would

19   simply have to suffer through an unpleasant withdrawal.  Opposition, pp. 2-3.  Defendant, in

20   reply, is correct in asserting that it is improper to posit new facts not contained in the complaint

21   outside of the pleadings and that, in any event, the facts remain insufficient to assert a cause of

22   action against this defendant.  Reply, pp. 1-6.

23            Plaintiff then subsequently sought to remedy the deficiencies with respect to

24   defendant Mahakian in a motion for leave to amend, accompanied by a proposed amended

25   complaint.   No defendant opposed the motion.

26   \\\\\

Motion for Leave to Amend

As to defendant Mahakian, who has not yet filed an answer, plaintiff argues for the application of Fed. R. Civ. P. 15(a).  Under this provision of the Federal Rules of Civil Procedure, a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  However, since an amended or supplemental complaint supersedes the original complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and, since once an amended pleading is filed, the original pleading no longer serves any function in the case, id.; see also E.D. Local Rule 15-220, the court must consider the impact of allowing plaintiff to amend where most of the defendants have submitted their answer. In that case, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

The court's review of the proposed amended complaint indicates that plaintiff has added some background to his allegations, has clarified and further detailed his allegations with respect to defendant Mahakian and has not significantly altered, if he has altered at all, the allegations with respect to those previously framed against the defendants who have answered. Plaintiff has framed colorable claims against the defendants based on a violation of his Eighth Amendment rights, inadequate medical care for a serious medical condition.  He also alleges a supplemental state law claim with respect to professional negligence or medical malpractice. The court will grant both defendant Mahakian's motion to dismiss the original complaint and for a more definite statement, and plaintiff's unopposed motion to amend the complaint.  However, defendants Sandham; Roche; Rohfling; James; and Masterson will not be required to provide any further answer, though they will be permitted to file an amended answer or to supplement their answer, should they choose to do so.

\\\\\

\\\\\

Miscellaneous

*Non-party Subpoena Requests*

Plaintiff has filed a number of requests.  He directs a request to the Clerk's Office, on July 26, 2006, for subpoenas for non-party discovery, and on September 5, 2006, for subpoena duces tecum forms.  On September 5, 2006, plaintiff also brings a motion for the court to have the U.S. Marshal serve a subpoena duces tecum upon the Deputy Secretary of the California Department of Corrections and Rehabilitation (CDCR), averring that he has made a good faith effort to obtain information by way of a request for production of documents upon an unnamed defendant on May 4, 2006.  As to plaintiff's request for subpoena forms, only to the extent that the Clerk of the Court has not yet supplied the subpoenas, these requests will be granted.

As to plaintiff's motion for the U.S. Marshal to be directed to serve a subpoena duces tecum on a non-party, plaintiff must first submit the fee for serving the subpoenas by the U.S. Marshal.  See Tedder v. Odel, 890 F.2d 210, 211-212 (9th Cir. 1989) (finding no statutory authority allowing district courts to waive, in in forma pauperis actions, the payment of witness fees).   This request will be denied.

In the subpoena, plaintiff asks that the non-party CDCR deputy secretary provide him with "any and all CDCR policies, directives or instruction to the staff and medical personnel governing treatment of pain and pain medication use and any policies or directives or recommendations concerning detoxification treatment off of emotionally and physically dependant [sic] medications."

Plaintiff might be better able to obtain the material sought by way of a request for production of documents served upon a defendant in this action.  Thereafter, should plaintiff believe he is being improperly denied access to requested documents, he might bring a motion to compel further production in this court as to that defendant, pursuant to Fed. R. Civ. P., Rules 34 and 37.  Plaintiff should, in any such motion, identify any request for production, upon which he seeks further production, set forth the response and state how it is inadequate, and inform the

1  court in what manner his request is reasonably calculated to lead to the discovery of admissible

2  evidence.  Fed. R. Civ. P. 26(b)(1).

3  *Request for Physical Examination/Court Appointed Medical Expert*

4  On July 17, 2006, plaintiff filed a motion seeking a court-ordered physical exam

5  and for a court-appointed medical expert, citing Fed. R. Civ. P. 35 and Fed. R. Evid. 706,

6  specifically asking the court to order a medical examination of plaintiff by a physician not

7  associated with the CDCR.  Defendant Mahakian filed an opposition to the motion on August 28,

8  2006, and plaintiff subsequently, on September 15, 2006, sought to withdraw the motion, which

9  request for the request to be withdrawn, the court will grant.

10  *Requests Regarding Mailing*

11  Plaintiff has filed several requests complaining of his difficulty in serving all

12  parties in this action, filed on June 22, 2006; September 15, 2006; and November 8, 2006.

13  Plaintiff complains that the institution refuses to provide postage, despite plaintiff's indigent

14  status, for plaintiff to serve the opposing counsel in this action.  Plaintiff is, however, provided

15  adequate postage to file his documents in this court.  Under the court's Electronic Case

16  Management System, electronic notice is provided to the various counsel for defendants upon the

17  filing of plaintiff's documents in the court's electronic docket.  Therefore, all counsel have

18  adequate notice as to any filing of plaintiff's in this action in this court.  Moreover, no

19  defendants' counsel has complained that he or she has not been properly served.  Plaintiff's

20  requests are denied as moot.[4]

21  Accordingly, IT IS ORDERED that:

22  1.  Defendant Mahakian's April 14, 2006, motion to dismiss is granted and

23  plaintiff's original complaint, filed on March 29, 2005, is dismissed with plaintiff granted leave

24  to amend;

25

26  [4] Should defendants' counsel complain about service, the court will revisit the matter.

1        2.  Plaintiff's June 2, 2006, motion for leave to amend is, therefore, granted;

2        3.  Plaintiff's proposed amended complaint is deemed filed, nunc pro tunc, on

3    June 2, 2006, and this matter now proceeds on the amended complaint;

4        4.  Defendant Mahakian must file his response to the amended complaint, within

5    30 days;

6        5.  Defendants R. Sandham, S. Roche, J. Rohfling, G. James and P. Masterson

7    may amend their answer or may supplement their answer, within 30 days, should they choose to

8    do so; or they may rest on their previously filed answer.

9        6.  Plaintiff's requests regarding non-party subpoenas, filed on July 26, 2006, and

10   on September 5, 2006, to the extent that the Clerk of the Court has not already supplied same, are

11   granted, and the Clerk of the Court is directed to supply the subpoena forms sought;

12       7.  Plaintiff's September 5, 2006, motion for this court to direct the U. S. Marshal

13   to serve the subpoena duces tecum upon a non-party is denied for non-payment of the requisite

14   fee.

15       8.  Plaintiff's September 15, 2006, request to withdraw his motion/request for a

16   court-ordered physical exam and for a court-appointed medical expert is granted, and plaintiff's

17   July 17, 2006, request for a court-ordered physical exam and court-appointed medical expert is

18   disregarded.

19       9.  Plaintiff's requests, filed on June 22, 2006; September 15, 2006; and

20   November 8, 2006, regarding postage and mailing upon counsel for defendants are denied as

21   moot.

22   DATED: 3/20/07                          /s/ Gregory G. Hollows

23                                    _____
                                     GREGORY G. HOLLOWS
24                                   UNITED STATES MAGISTRATE JUDGE

25   GGH:009
     stra0474.mtd

26