IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES STRAIN,

    Plaintiff,　　　　　　　　　No. CIV S-05-0474 GEB GGH P

    vs.

CHIEF MEDICAL OFFICER
R. SANDHAM, et al.,

    Defendants.　　　　　　　　ORDER

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The gravamen of plaintiff's first amended complaint, filed on June 2, 2006,[1] is that defendants Drs. R. Sandham; S.Roche; Mahakian; Rohfling; G. James; and Registered Nurse (RN) Masterson,[2] abruptly cut off plaintiff's pain medication which he had been prescribed for approximately three years and on which he was both physically and emotionally dependent, upon plaintiff's transfer to High Desert State Prison, compelling him to suffer severe withdrawal pains and creating a serious medical condition. Plaintiff also alleges that he was denied treatment for his back condition. Plaintiff alleges violation of his Eighth Amendment right to adequate

---

[1] The original complaint was filed on March 9, 2005.

[2] Defendant Mangis was dismissed by order, filed on August 30, 2007.

1

medical care and has set forth a supplemental state law negligence claim.  See Amended Complaint.

Pending before the court are voluminous filings from plaintiff, on, inter alia, June 27, 2007, July 12, 2007, August 22, 2007, August 29, 2007, September 4, 2007, September 7, 2007, with multiple filings on some dates, seeking orders to compel various discovery, as well as appointment of experts, which motions one or more defendants have opposed.[3]  Plaintiff has also filed a motion for a continuance of the discovery deadline for the purpose of acquiring new and additional evidence, which he originally filed on August 22, 2007, and which defendant Mahakian opposed by a filing dated September 6, 2007.  On September 7, 2007, plaintiff sought to withdraw his prior motion for extending the discovery deadline, in order to submit, on the same date, "an updated motion with stronger argument."  Defendants have opposed this motion by filing dated September 14, 2007.

In addition, on August 22, 2007, plaintiff filed a motion for a stay of the proceedings until October 29, 2007, pending his September 23, 2007, release from prison.  On August 31, 2007, defendant Mahakian filed opposition to the motion for a stay of proceedings.  On August 31, 2007, plaintiff filed a motion for a protective order for the court to vacate his deposition, noticed for August 31, 2007, premised principally on defendants' alleged failure to obtain leave of court to depose plaintiff, a prisoner, pursuant to Fed. Rule 30(a)(2).  Upon plaintiff's failure to proceed with the deposition, defendants James, Masterson, Roche, Sandham and Rohlfing brought a motion for the court to order plaintiff to submit to an oral deposition and to vacate the court's May 24, 2007, scheduling order.  These defendants also submitted a notice of taking deposition with request for production documents for August 31, 2007, which under penalty of perjury, defendants aver was served on July 31, 2007.  Defendant Mahakian, who separately noticed the taking of plaintiff's deposition, on August 31, 2007, by notice served on

---

[3] Plaintiff's filings have become both unduly burdensome to the court and to his opposing parties.

July 30, 2007, also under penalty of perjury, filed, on September 7, 2007, along with an ex parte application for an order shortening time, a motion to preclude plaintiff from testifying at trial, or alternatively, for leave to depose plaintiff in prison and for an order to compel his deposition, or alternatively, for an order granting defendant an extension of time to file a motion for summary judgment.

Fed. R. Civ. P. 30(a)(2) states, in relevant part:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(20, if the person to be examined is confined in prison ....

Plaintiff's refusal to proceed with the deposition upon proper notice by defendant Mahakian was without foundation. On April 7, 2006, a discovery order issued in this case setting forth, inter alia, the following:

> Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose plaintiff and any other witness confined in prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1).

By his belated motion for a protective order, plaintiff makes no showing whatever that any of the defendants did not properly notice the deposition and, in fact, it is evident by the defendants', as well as plaintiff's exhibits, that plaintiff was properly noticed.[4] A review of the deposition transcript that was submitted as Exhibit (Exh.) A to the motion to compel brought by defendants James, Masterson, Roche, Sandham and Rohlfing, indicates, as does the declaration of these defendants' counsel, James Phillips, that plaintiff testified, in addition to asserting that his deposition could not be taken without defendants first having obtained leave of court, that he was taking 60 milligrams of morphine for pain and did not believe he could give accurate

---

[4] Although plaintiff has not yet had the opportunity to file an opposition to defendants' motions with regard to the taking of plaintiff's deposition, plaintiff's grounds for bringing his last-minute motion for a protective order, and for refusing to proceed at the deposition, predicated on the defendants' allegedly having failed to obtain leave of court are wholly without foundation, and the court need not wait for any opposition.

3

testimony.  Motion of defendants James, Masterson, et al., Exh. A, Deposition transcript, p. 22[5]; declaration of James C. Phillips (Phillips Dec.), ¶ 4.  To the extent that plaintiff believed his pain medication may have interfered with his ability to undergo the deposition, it was appropriate to raise the issue, but plaintiff had far more than the requisite 14-day notice to prepare for his deposition.  As to the request for documents, whether or not plaintiff found transporting of the documents difficult is not a reason not to be deposed.  The court finds it unnecessary to grant defendants an order to depose plaintiff, upon 14-day advance notice, while he is in prison because they already had leave to do so.  To the extent that defendants seek to depose plaintiff once he is released from prison, they need not seek leave of court but may proceed in accordance with Fed. R. Civ. P. 30.  Defendants' request to vacate the scheduling order will be granted.

        Because plaintiff represents that he will be released in the immediate future and the court has granted defendants' request to vacate the scheduling order, the court will permit plaintiff, despite defendants' opposition, the continuance he states that he needs, until October 29, 2007, to obtain the counsel he seeks, upon his scheduled release on September 23, 2007.  However, once he is released from prison, whether plaintiff proceeds with counsel or pro se, Local Rule 78-230(m) will no longer apply to him.  Notwithstanding the continuance, plaintiff will be required, as of October 29, 2007, pursuant to Local Rule 78-230(b), to have noticed for hearing before the undersigned each of his pending motions to compel and his motion for appointment of experts, et al.[6]  He should consolidate all motions for a single hearing date.  Failure of plaintiff to properly notice the pending motions will result in their being vacated without prejudice for improper notice upon the court's calendar.  Should plaintiff not be released as scheduled, plaintiff should inform the court immediately.

---

[5] The page reference is based on the court's electronic pagination.

[6] That is, plaintiff must have taken the necessary steps by October 29, 2007, to notice his motions for hearing, but the hearing itself may be scheduled for a later date on the court's law and motion calendar.

4

Accordingly, IT IS ORDERED that:

1. Plaintiff's August 31, 2007, motion for a protective order is denied;

2. Defendants' September 7, 2007, motions to compel plaintiff's deposition are denied as unnecessary because they have previously been granted leave to do so while he is in prison with 14-day advance notice by Order, filed on April 7, 2006;

3. Defendants' September 7, 2007, motion to vacate the May 24, 2007, scheduling order is granted, the discovery and dispositive motion deadlines to be re-set at a later date;

4. Plaintiff's August 22, 2007, motion for a continuance until October 29, 2007, pending his September 23, 2007, release from prison is granted;

5. Plaintiff must, however, take the necessary steps by October 29, 2007, to notice all of his pending motions for hearing, whether he proceeds with counsel or pro se, in accordance with Local Rule 78-230(b), consolidating all of his motions for a single hearing date. Failure of plaintiff to properly notice the pending motions will result in their being vacated without prejudice for improper notice upon the court's calendar.

6. Should plaintiff not be released as scheduled, plaintiff must inform the court forthwith.

DATED: 9/24/07                                           /s/ Gregory G. Hollows

                                                         GREGORY G. HOLLOWS
                                                         UNITED STATES MAGISTRATE JUDGE

GGH:009
stra0474.ctn