IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES STRAIN,

        Plaintiff,　　　　　　　　　No. CIV S-05-0474 GEB GGH P

    vs.

CHIEF MEDICAL OFFICER
R. SANDHAM, et al.,

        Defendants.　　　　　ORDER

/

      Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C.§ 1983. By <u>Order</u>, filed on September 24, 2007, was allowed until October 29, 2007, to obtain counsel in this matter. Plaintiff represented that he would be released as of September 23, 2007. He was advised, upon his release, whether he proceeded pro se or with counsel that Local Rule 78-230(m) would no longer be applicable to him, and was further advised that, notwithstanding the continuance, he would need to consolidate his pending motions and notice them for hearing, pursuant to Local Rule 78-230(b), on this court's law and motion calendar. Although plaintiff has not consolidated his discovery motions into one filing, he has separately filed a notice, as of October 18, 2007, for hearing of several of his discovery motions on November 15, 2007, at 10:00 a.m., before the undersigned. By concurrently filed order, this court has directed plaintiff to file a joint statement pursuant to Local Rule 37-251,

with the caveat that it must be filed five, not three days, prior to the scheduled hearing.

As to plaintiff's notice for hearing of his motion to appoint counsel and for appointment of experts, both of which defendant Mahakian has opposed, those motions will be adjudicated herein and the hearing on those motions vacated.

The gravamen of plaintiff's complaint is that defendants, having prescribed pain medication for plaintiff for approximately three years, which medication causes dependency, upon plaintiff's transfer to High Desert State Prison, on February 26, 2004, compelled plaintiff to suffer withdrawal pains when they abruptly cut off his prescriptions, creating a serious medical condition.  See Order, filed on 3/20/07, p. 4.

As to plaintiff's request for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Moreover, the record of this case demonstrates that plaintiff pro se has been quite active in prosecuting this action.  Plaintiff's request for the appointment of counsel will therefore be denied.

Plaintiff asks the court to appoint expert witnesses, citing Fed. R. Evid. 706.  As to his motion for the court to appoint experts.  Specifically, he seeks expert testimony from a pain management specialist, "detoxification specialist," and investigators.  Motion, p. 2.

As to his request for appointment of investigators, plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize the expenditure of public funds for investigators.  See 28 U.S.C. § 1915.

With regard to his request for appointment of expert witnesses, plaintiff lists some five physicians and/or medical-legal consultant groups with whom plaintiff avers that he has communicated in his efforts to be diligent in obtaining expert testimony to assist him in the prosecution of his case. Motion, pp. 1, 9. He states that he has received only one response, wherein the individual indicated she could offer no help. Id., at 9-10.

As the Fifth Circuit has noted, "[t]he Supreme Court has held that 'expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.' United States v. MacCollom, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, [] (1976)." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Id. The Third Circuit has "held that section 1915 makes no provision for a district court to either pay or waive fees for an expert witness." Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987), cert. denied, 485 U.S. 991, 108 S.Ct. 1298, [] (1988)("in these circumstances we cannot fault the district court for not exercising a power it did not possess" ). The Ninth Circuit has found that district courts have the authority to appoint neutral expert witnesses sua sponte; this may be done whether or not either party agrees to the expert and the court may assess the cost of the expert compensation as the court deems appropriate. See Students of Cal. Sch. for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir.1984) (citing Fed. R. of Evid. 706),[1] vacated on other grounds, 471 U.S. 148, 105 S.Ct. 1820, 85 L.Ed.2d 114 (1985).

Here plaintiff, proceeding in forma pauperis, asks the court to appoint expert witnesses as advocates for plaintiff at its (the government's) own expense. The Ninth Circuit has found that while no funds have been provided by law to compensate an expert witness in civil

---

[1] **Appointment**. The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act." Fed. R. Evid. 706 (a), in relevant part.

rights cases, Rule 706(b),[2] "in an appropriate case, permits the court to apportion all the cost to one side." McKinney v. Anderson, 924 F.2d 1500, 1511, vacated on other grounds, Helling v. McKinney, 502 U.S. 903, 112 S. Ct. 291 (1991). The court therein noted that the district court had discretion to appoint an expert (regarding the health effects of exposure to secondary cigarette smoke), and that plaintiff was entitled to the benefit of such an exercise of discretion, where the expert could provide the court with helpful information and "[c]onsidering the complexity of the scientific evidence..." in that case. Id.

In this case, the issues do not appear to be of the requisite complexity to require appointment of an expert witness, and as, defendant Mahakian points out, the underlying purpose of Rule 706, is to assist the court in evaluating contradictory or complex evidence, rather than to aid plaintiff's prosecution of his own case. Opposition, p. 3. Plaintiff himself has demonstrated that he has been unable to locate an expert witness willing to assist him, and, in the present circumstances, this court is not obligated to locate and appoint such an expert for him. Plaintiff's motion for appointment of expert witnesses and investigators will be denied.

Accordingly, IT IS ORDERED that plaintiff's October 18, 2007, notices for hearing on his motions for appointment of counsel and appointment of experts/investigators are vacated from the court's calendar, and plaintiff's motion for appointment of counsel, and his June 26, 2007, motion for appointment of experts/investigators are denied.

DATED:     10/31/07                    /s/ Gregory G. Hollows
                                       _____
                                       UNITED STATES MAGISTRATE JUDGE

GGH:009/stra0474.dny

---

[2] **Compensation**. Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow. The compensation thus fixed is payable from funds which may be provided by law in criminal cases and civil actions and proceedings involving just compensation under the fifth amendment. In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and such time as the court directs, and thereafter charged in like manner as other costs. Fed. R. Evid. 706(b).